STATE, *ex rel.* WILLIAM H. ROGERS and LOUIS KURZ, v. REX SWEAT, Sheriff.

152 So. 432.

Division B.

Opinion Filed January 23, 1934.

*P. L. Gaskins, H. T. Rogers* and *J. Henry Taylor,* for Petitioners;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus instituted by petitioners wherein it is alleged that petitioners are unlawfully restrained of their liberty in custody of the Sheriff of Duval County, Florida, under the pretended authority of a commitment reading as follows:

"*In the Name of the State of Florida, to the Sheriff or Any Constable of Said County*:

"*Whereas* Lloyd Layton has this day made oath before me in writing that one WILLIAM H. ROGERS, heretofore, to-wit: on the twentieth day of June, in the Year of Our Lord, One Thousand, Nine Hundred Thirty-three, in the County of Duval and State of Florida, for and in consideration of the sum of two hundred dollars in cash, lawful money of the United States of America, to him in hand paid by one Louis Kurz, did then and there knowingly and unlawfully make, sign, execute, and issue and deliver unto the said Louis Kurz, and he, the said Louis Kurz did then and there knowingly and unlawfully accept and receive from the said William H. Rogers a certain deed instrument and writing under seal, wherein and whereby he, the said William H. Rogers did assign, transfer and convey unto the said Louis Kurz a certain mortgage, which said mortgage does not incorporate the certificate of indebtedness, then and there held and owned by and lawfully vested in the said William H. Rogers on certain realty situated in said county and State, without the payment then or at any other time of any tax levied by the State of Florida for and in respect of said deed, instrument and writing so assigning, transferring and conveying said mortgage, or for or in respect to the vellum parchment, or paper upon which such assignment is written and printed, and without affixing thereto and duly cancelling any stamp evidencing the payment of any tax thereon so levied and imposed by the State of Florida, contrary to the Statutes of the State of Florida, in such cases so made and provided, and against the peace and dignity of the State of Florida; and *whereas* it appeared to me from an examination that there was just reason to believe that the said William H. Rogers and Louis Kurz were guilty of such offenses, and the said William H. Rogers and Louis Kurz, on being brought before me on a

warrant, were required to enter into a recognizance, with sufficient seucrity, in the sum of Fifty and no-100 Dollars, to appear at the next term of the Criminal Court of Record, to be held in and for said county, and not to depart the same without leave, and the said William H. Rogers and Louis Kurz having refused to find such security;

"YOU ARE HEREBY COMMANDED forthwith to convey the said William Rogers and Louis Kurz to the common jail of said county, and to deliver them to the keeper thereof, who is hereby required to receive the said William H. Rogers and Louis Kurz into his custody in the said jail and to keep them safely there until they shall find security or be thence discharged by due course of law.

"GIVEN under my hand and seal of this 18th day of September, A. D. 1933.

"(Signed)   J. C. Madison   (Seal)
"Justice of the Peace, 10th District."

The record shows that the assignment referred to in the commitment was in the following language:

*Know All Men by These Presents*:

"That I, Wm. H. Rogers, of Jacksonville, Duval County, Florida, party of the first part, in consideration of the sum of Two Hundred ($200.00) Dollars lawful money of the United States, to me in hand paid by L. Kurz of Jacksonville, Duval County, Florida, party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledgd, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over unto the said party of the second part a certain indenture of mortgage bearing date the fifth day of December, in the year One Thousand Nine Hundred and Twenty-

five, made by Lake Florida Corporation and recorded in Mortgage Book 274, Page 393, public records of Duval County, Florida, upon the following described piece or parcel of land, situate and being in Duval County, State of Florida, to-wit:

"Lots twelve (12) and Thirteen (13), except the East Sixty (60) feet of said lots, Block One (1) of Harrison Reed's Subdivision of South Jacksonville, according to plat thereof recorded in Plat Book 1, page 4, of the former public records of Duval County, Florida;

"Together with the note or obligation described in said mortgage; and the moneys due and to become due thereon, with interest from the fifth day of December, 1927.

"To HAVE AND TO HOLD the same unto the said party of the second part, his executors, administrators and assigns forever.

"IN WITNESS WHEREOF I have hereunto set my hand and seal, the 20th day of June in the year one thousand nine hundred and thirty-three.

"WM. H. ROGERS (<em>Seal</em>)

"Signed, Sealed and Delivered in the Presence of
"ZELA WHITNELL
"ELIZABETH SLADE."

It was duly acknowledged before a notary public.

This is a test case instituted for the purpose of procuring from this Court an adjudication as to whether or not Chapter 15787, Acts of 1931, known as the Documentary Stamp Law of Florida, requires the placing of documentary stamps on assignments of mortgages, when the certificate of indebtedness is otherwise shown in a separate instrument.

Paragraph 4 (not numbered) of Section 1 of the Act under consideration provides as follows:

"On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the State of Florida, and for each renewal of the same on each $100.00 of the indebtedness or obligation evidenced thereby, 10 cents. Mortgages which incorporate the certificate of indebtedness not otherwise shown in separate instruments, are subject to the same tax at the same rate."

Paragraph 5 (not numbered) of the same section provides as follows:

"On deed, instruments, or writings, whereby any lands, tenements, or other realty or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or purchasers, or any other person or persons, by his, her or its direction, on each $100.00 of the consideration therefor, 10 cents; Provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of 10 cents for each $100.00 or fractional part thereof of the consideration therefor."

It is conceded that the well established rule is that where there is an ambiguity in the language of a statute imposing a tax and that ambiguity raises a doubt as to the legislative intent the persons upon whom it is sought to impose the burden are to be given the benefit of the doubt because a tax to be sustained in any given case must come clearly within the letter of the statute. See Edwards, Internal Revenue Collector, v. Wabash R. R. Co., 264 Fed. 610, 33 C. J. 285, 25 R. C. L. 1092; and State v. Beardsley, 84 Fla. 109,

94 Sou. 660.   See also Nelson v. Watson, decided November 28, 1933.

Much has been said in briefs of the respective parties pro and con as to whether or not under the provisions of the statute above quoted the stamp tax is applicable to all mortgages on real estate, but we deem it unnecessary either to discuss or determine this question here, as it is not involved in this case.   The instrument here under consideration is an assignment of a real estate mortgage.   The law of assignments embraces a distinct and what may be said to be individual scope, just as does the law pertaining to deeds or to mortgages which each embrace a distinct and individual scope.   Text writers have devoted volumes to the law of assignments.   Under our statutes, a separate book is required to be kept in the offices of the clerks of the circuit courts for the record of assignments of mortgages and other liens.   Section 3840, R. G. S., 5743 C. G. L., being Section 1 of the Acts of December 11th, 1834, authorized the transfer of mortgages by assignment and defines the rights of an assignee under such assignment.   There was no Act specifically requiring the record of an assignment to make it valid against creditors or subsequent purchasers for value until the enactment of Chapter 6909, Acts of 1915.

So it is that we must now determine whether or not assignments of mortgages are required to have placed thereon the documentary stamp tax contemplated under the provisions of Chapter 15787, *supra*.

Paragraph 4, above quoted, specifically lays the tax on certain assignments.   That is, all salaries, wages, or other compensation made, executed, delivered, sold, transferred or assigned in the State of Florida.   The provision does not include assignments of mortgages and, therefore, unless such assignments are otherwise brought within the purview

of the statute, we must hold that by implication they are excluded.

Paragraph 5, above quoted, includes deeds, instruments, or writings whereby any lands, tenements or other realty, or any interest therein, shall be granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser, or purchasers, or any other person or persons, by his, her or its direction. We cannot conceive that this language is sufficiently broad and inclusive to embrace therein assignments of mortgages. If it could be held to embrace assignments of mortgages it would likewise embrace assignments of all statutory liens which are assignable. Certainly it is elementary that there is a difference between an assignment of an interest in real estate and the assignment of a lien on real estate. One is the assignment of real property, while the other is an assignment of a chose in action, or personal property.

But, even if it is not clear from the language of the statute that the tax was not laid on assignments of mortgages, it is equally not clear that it was the legislative intent to lay the tax on assignments of mortgages.

It, therefore, follows that applying the rule hereinbefore enunciated there is at least such an ambiguity found in the phraseology of the statute as to preclude its application to assignments of mortgages, unless the mortgage assigned is one which incorporates the certificate of indebtedness not otherwise shown in a separate instrument.

Therefore, it follows that the return to the writ of habeas corpus must be quashed and the petitioners discharged. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

WHITFIELD, J. (concurring).—The Constitution provides that "no tax shall be levied except in pursuance of law." Section 3, Article IX.

A tax being a definite and certain pecuniary burden imposed by law upon persons or property for governmental purposes, the subject and amount or rate of the tax should be prescribed in definite, unequivocal, express words of a duly enacted statute, otherwise there would not be a definite and certain tax levied in pursuance of law as required by the Constitution, but the tax would depend upon the demands of the collecting agencies.

A mortgage upon realty in Florida is not an estate in land, but is a written contract lien upon described land usually given to secure the payment of a debt. It is in law and in equity only a chattel property right. An excise tax may by statute be levied on the execution or the assignment of a mortgage of realty, even though an excise tax is also imposed upon the execution or the assignment of the notes or written instruments evidencing the debt secured by the mortgage. See Lamar v. Palmer, 18 Fla. 147. But a lawmaking intent to impose an excise tax upon the execution or the assignment of a written mortgage lien upon real estate should appear by the express unambiguous words of a valid statute.

Mortgages or liens are not mentioned in the paragraphs of the statute which are to be interpreted in this case except that mortgages which incorporate the certificate of indebtedness not otherwise shown in separate instruments are subject to the tax imposed upon certificates of indebtedness, thus showing an intent to tax the execution and assignments of evidence of debt but not to tax the execution or assignment of liens or mortgages.

In Garrett v. Fernauld, 63 Fla. 434, 57 So. 671, it was held that a written *assignment of a mortgage* upon land is not a conveyance or transfer of "any interest" in land covered by the mortgage, within the meaning of the recording statute which includes any "conveyance, transfer or mortgage of real property, or of any interest therein." See Section 5744 (3841), C. G. L.

In Florida *ad valorem* taxes are not imposed upon real estate mortgages as being "an interest in land." Mortgages on real estate are taxed as intangible personal property. See Chapter 15789, Acts of 1931.

DAVIS, C. J., concurs.