E. G. CUNNINGHAM, as Sheriff, v. A. STEFANIDI.

197 So. 722

En Banc

Opinion Filed September 6, 1940

*George Couper Gibbs,* Attorney General, *J. Compton French* and *John L. Graham,* Assistant Attorneys General, for Appellant;

*W. B. Dickenson* and *Dickenson & Dickenson,* for Appellee.

TERRELL, C. J.—Alex Stefanidi was arrested on a warrant charging that he did engage in the business of wholesale dealer in salt-water products without obtaining a license therefor as required by Chapter 19611, Acts of 1939. He was released on habeas corpus by the circuit court and the State appealed.

The question to be answered is whether or not Chapter 19611, Acts of 1939, imposes a license tax on wholesale dealers in salt-water products.

It was stipulated that petitioner was a wholesale dealer in commercial sponges, that he is not now and has not been for two years last past a retail dealer of such products and that he has not within the last ten years bought or sold sea foods of any kind.

The pertinent part of Section Two of Chapter 19611 defines a wholesale seafood dealer as follows:.

"A wholesale sea-food dealer is defined to be any person, firm, or corporation or cooperative association composed of not more than ten members who shall all be independent fishermen legally organized together for the purpose of selling their own catch of fish, caught with their own hands and with their own equipment, dealing in fish, sea-foods, or salt-water food, products of any kind including oysters, clams, wilks, who sells any of such products to wholesale dealers, retail dealers, or to hotels, restaurants or other public eating places."

The balance of the section has to do with the imposition of the license tax.

The State insists that a study of the title and different sections of the Act show that the Legislature intended to impose a license tax of fifty dollars on all wholesale dealers in any kind of salt-water products and that to elide the word "food" from that portion of the Act quoted leaves no doubt as to this contention.

If there was nothing in the title and body of the Act to rebut this contention, it might be a logical deduction but the trouble we have with it is that in the title and in each section of the Act words are included which make it equally as logical to include as to elide the word "food" and being

so, the meaning if ambiguous is clearly within the rule that ambiguity in a tax statute must be resolved in favor of the person on whom the tax is imposed. State *ex rel.* Rogers v. Sweat, 113 Fla. 797, 152 So. 432.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.