## MUTUAL LIFE INS. CO. OF NEW YORK v. UNITED STATES.

### No. 49062.

United States Court of Claims.

March 3, 1953.

Joseph V. Lane, Jr., and Zachary H. Wolff, New York City, Haughton Bell and Vincent Keane, New York City, on the briefs, for plaintiff.

H. S. Fessenden, Washington, D. C., Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues to recover the amount which it had to pay for stamps which the Bureau of Internal Revenue ruled should have been affixed to certain deeds received by it from mortgagors who had defaulted in the payment of the mortgage debt. Forty-four deeds are involved. The deeds were given in lieu of foreclosure proceedings. They were all executed between February 2, 1938 and December 31, 1941.

Section 3480 of the Internal Revenue Code levies a tax "for and in respect of" various documents set out in subsequent sections, among which are "conveyances", described in section 3482. Among the conveyances listed are deeds—

"* * * whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers * * * when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of the sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. This section shall not apply to any instrument or writing given to secure a debt."

Plaintiff's liability for the tax is to be determined by a proper construction of this section as applied to the facts of each transaction.

The following articles from Treasury Regulation 71 (1932 ed.) are helpful in construing the statute. Article 77 provides:

"In calculating the amount of stamps which must be affixed to a deed of conveyance, the tax is computed upon the full consideration for the transfer less all encumbrances which rest on the property before the sale and are not removed by the sale. * * *"

Article 112 reads:

"*Conveyance by mortgagor to mortgagee.*—A conveyance by defaulting mortgagor to mortgagee in consideration of the cancellation of mortgage debt is subject to tax calculated on the amount of the mortgage debt plus unpaid accrued interest."

The taxes demanded of plaintiff were computed in accordance with article 112. We think this article is a correct interpretation of section 3482, supra. It governs most, if not all, of the transactions in question.

Plaintiff had two reasons for not wishing to institute foreclosure proceedings in these cases and for attempting to secure a deed instead. The first was that it would have been impossible to have secured a deficiency judgment against the mortgagor, because of sections 1083–a and 1083–b of the New York Civil Practice Act, as these sections were interpreted by the courts in New York, and, hence, a deed from the owner would accomplish all that could be accomplished by foreclosure and would save this expense. The second reason was to avoid the New York tax on mortgages, as explained later.

Under the above-mentioned sections of the New York Civil Practice Act a mortgagee was not entitled to a deficiency judgment against the mortgagor if the court found that the fair and reasonable market value of the mortgaged premises acquired on foreclosure or otherwise exceeded the mortgage debt, and the courts adopted the uniform practice of treating the assessed value as the reasonable market value of the mortgaged premises. In each of the forty-four conveyances in question the assessed valuation of the property exceeded the mortgage debt. It was, therefore, impossible for the mortgagee to force the payment of anything more than the transfer to it of the property. Hence, wherever it was possible to induce the mortgagor to transfer the property to it without the necessity of a foreclosure, this procedure was adopted.

Each one of the conveyances with which we are concerned contained a clause that the mortgage on the property at the time of the conveyance was not to merge with the fee. The mortgage remained on the property notwithstanding the conveyance. This enabled the plaintiff to resell the property in consideration, in whole or in part, of an agreement by the purchaser to assume the existing mortgage, either in full or as it might be modified or renewed. In this way plaintiff escaped liability for the New York tax which it would have had to pay had a new mortgage been executed by the purchaser. This was the second reason for not wishing to foreclose.

Although the mortgage was not canceled when the property was conveyed, in every case, except five, plaintiff gave to its grantor a covenant not to sue on the mortgage debt. So, while the mortgage was not canceled in consideration of the transfer of the property to plaintiff, the liability on the mortgage debt was nevertheless extinguished.

In twelve cases the mortgagor paid plaintiff some consideration for the covenant not to sue, in addition to the transfer of the property. In two cases the plaintiff paid to the mortgagor some small consideration for the transfer, in addition to the covenant not to sue. The facts relative to some of the transactions differ in some respects from the others; but the controlling fact in all, except the five above mentioned, is that the liability of the mortgagor on the mortgage debt was expressly extinguished. Therefore, although the deed did not recite the extinguishment of liability on the mortgage debt as a consideration for the transfer, this nevertheless was the actual consideration.

This brings all of these transactions within the terms of articles 77 and 112 of Treasury Regulation 71. We quote article 112 again:

> "A conveyance by defaulting mortgagor to mortgagee in consideration of the cancellation of mortgage debt is subject to tax calculated on the amount of the mortgage debt plus unpaid accrued interest."

The Act levies a tax with respect to a deed for real estate—

> "* * * when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. * * *"

Each conveyance was made in consideration of the release of the grantor from liability

on the mortgage debt. The tax is measured by the consideration for the transfer or by the value of the interest conveyed or the value of the property conveyed. Since the value of the property conveyed, as determined by the New York courts, exceeded the mortgage debt, the tax is not less than that measured by the mortgage debt, in consideration of release from liability on which the property was conveyed. There is no proof that the value of the property was less than that determined by the New York courts.

In the five cases in which plaintiff did not give a covenant not to sue, we think the plaintiff was also liable for stamp taxes on the deeds equal to the mortgage debt. These cases do not expressly come within the scope of article 112 of Regulation 71 because liability on the mortgage debt was not expressly extinguished; but, even so, we think the conveyance was made in payment of the debt. Since at the time of the transaction in these five cases no deficiency judgment could have been secured on the mortgage debt, the fair market value of the property, as determined by the New York courts, being more than the debt, the debt as a matter of law was extinguished by the transfer of the property to the mortgagee. The consideration for the transfer was, therefore, the amount of the mortgage debt, and the tax is measured by the amount of the debt.

Section 3482, supra, says the tax on the transfer is measured by the consideration for it or by the value of the interest or property conveyed. It was assessed on the amount of the debt, which was less than the value of the property, as determined by the New York courts.

While a formal covenant not to sue was not given in these five cases, nevertheless the parties treated the debt as having been extinguished. In no instance was any proceeding ever instituted by plaintiff to obtain judgment on the mortgage. The plaintiff, in computing its profit or loss upon a subsequent sale of these properties, used as its cost basis the amount of the mortgage indebtedness, plus costs of acquisition. In other words, plaintiff itself treated the transaction as one in which the consideration paid for the property was the amount of the debt.

As a matter of fact, so far as the stamp taxes are concerned, it would make no difference when plaintiff paid the consideration for the transfer of the property to it. It might have paid it at the time the property was transferred to it, or, it might have paid it some time before the transfer by way of a loan, and then later by a cancellation of the indebtedness. So far as the stamp taxes are concerned, the two transactions are in essence the same. The consideration for the transfer was the money paid over by plaintiff to the owner of the property.

We are of opinion that the tax was properly collected in these five cases as well as in those in which the mortgagee gave a covenant not to sue.

This opinion is in harmony with the decision of the Court of Appeals in the case of Railroad Federal Savings & Loan Ass'n v. United States, 2 Cir., 135 F.2d 290, 153 A.L.R. 581, in which the facts are very much the same. Judge Learned Hand dissented in that case, but we think the opinion of the majority was correct.

It results that plaintiff's petition must be, and it is dismissed.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.