WIGGINTON, Judge.
By this appeal appellant challenges the correctness of a final declaratory judgment finding it liable for payment of documentary stamp taxes on a deed of mortgaged property conveyed to it by its mortgagor. Appellant contends that the trial court’s construction of the documentary stamp tax statute is erroneous and should be reversed.
Appellant was the owner and holder of a promissory note and mortgage encumbering certain lands in Brevard County. After payments on the mortgage debt became in default and the mortgagor was unable to pay the amounts due, appellant mortgagee accepted from its mortgagor a warranty deed conveying the lands encumbered by the mortgage. The deed contained the following provision, to wit:
“This deed is given by grantor and accepted by grantee in lieu of satisfaction of mortgage recorded in OR Book 982, page 217 of the Public Records of Bre-vard County, Florida and constitutes a reacquisition by grantee of the described property which was sold by grantee on January 12, 1967, giving rise to the indebtedness secured by said mortgage which is hereby satisfied.”
Appellant treated the deed received by it as having been executed for a nominal consideration and paid only the minimum amount of documentary stamp tax at the time of filing the deed for record. Appel-lee Comptroller later made demand upon appellant for payment of a documentary stamp tax based upon the unpaid balance of the mortgage debt which was due at the time the conveyance was made. It was in response to this demand that appellant instituted this action praying for a judicial declaration of its rights under the documentary stamp tax statute, and for a judgment declaring whether the deed of realty received by it in lieu of foreclosure from its insolvent mortgagor after default requires payment of the documentary stamp tax under the statute in question.
After the pleadings were closed both parties filed motions for summary final declaratory judgments in their favor. Upon consideration of the pleadings, admissions, and affidavits on file in the cause, the trial court entered judgment favorable to appel-lee declaring that the documentary stamp tax statute was applicable to the transaction in question and requiring payment of taxes based upon a consideration equivalent to the unpaid balance of the mortgage indebtedness which was due at the time the conveyance was made.
It is undisputed that the time the land in question was conveyed by appellant to its grantee, it took back from the grantee a purchase money mortgage securing the unpaid balance of the purchase price evidenced by a promissory note on which documentary stamp tax was paid as required by F.S. Section 201.08, F.S.A.[1] When this purchase money mortgage became in default and the mortgagor was unable to pay the amounts due, the parties agreed to a reconveyance of the land from the mortgagor to the mortgagee in lieu of foreclosure. Under these circumstances appellant contends that no taxes on the deed are due under the terms of the statute here in question which provides as follows:

“Tax on deeds and other instruments relating to lands, etc.

“On deeds, instruments, or writings, whereby any lands, tenements, or other *127 realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefor the tax shall be thirty cents; provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of thirty cents for each one hundred dollars, or fractional part thereof, of the consideration therefor. As amended Laws 1963, c. 63-533, § 1, eff. July 1, 1963.” [2]
Appellant interprets the statute to mean that before it can be made applicable to a conveyance of land, two factors must be present. It contends first that the grantee in the deed sought to be taxed must be a “purchaser” in the legal sense of that term, and that a “consideration” must be paid by the grantee to the grantor for the conveyance. Appellant rests its case on the proposition that since it was merely reaquiring the property previously owned by it and conveyed to its mortgagor, it is not a purchaser of the land within the meaning of the statute; and that since it accepted re-conveyance in lieu of foreclosure of its mortgage and cancelled the outstanding balance of the mortgage indebtedness, it paid no consideration for the deed. Appellant reasons that since it paid the documentary tax on the indebtedness evidenced by the mortgage note, to again tax the unpaid portions of the same indebtedness as consideration for the deed of reconveyance would amount to double taxation not contemplated by the statute. To support its position appellant relies upon the well settled principles of law that tax statutes must be construed strictly against the taxing authority and in favor of those on whom the tax is sought to be imposed,[3] and that any ambiguity in the provisions of the tax statute should be resolved in favor of the taxpayer.[4]
By the final judgment appealed herein the trial court found and concluded:
“Immediately before the execution of the deed the mortgagee owned a debt owing to it and secured by a purchase money mortgage on real estate. In the absence of allegation and proof to the contrary it must be assumed that the mortgaged property was of a value at least equal to the debt. This being the case, the debt owing to the mortgagee had an actual value equal to its face value.
“The mortgagee by accepting the deed in satisfaction of the debt surrendered an asset of the face value of the debt. This asset was surrendered as the consideration for the deed from the mortgagor. It follows that every requirement of the statute has been met. There was a deed whereby land was conveyed from the mortgagor to the mortgagee. The consideration for that deed was the surrender of a note or notes having a clearly defined value.”
Based upon the foregoing, the court held that “When a deed to real estate is executed by a mortgagor to the mortgagee in satisfaction and discharge of the mortgage debt, the deed is subject to taxation under Section 201.02, Florida Statutes, the tax to be based upon the value of the debt discharged. In the absence of proof to the contrary, the mortgage debt will be presumed to have its face value.”
It is our conclusion that the construction placed upon the statute in question by the trial court is correct and must be supported.
*128 In the case of Railroad Federal Savings and Loan Association v. United States [5] the United States Court of Appeals for the Second Circuit construed a section of the Federal Revenue Act which levied a documentary stamp tax on deeds conveying lands or other realty, which tax was measured by the consideration paid for the conveyance. In that case the court held that the tax was applicable to a reconveyance of lands by an insolvent mortgagor to its mortgagee under circumstances where the mortgagor was unable to pay the amount of indebtedness owed and the conveyance was made in lieu of foreclosure. It was held that the tax payable under the federal statute should be computed upon the basis of the unpaid balance of the mortgage indebtedness which was due at the time the conveyance was made. The facts in the foregoing decision, and the statute there construed, are sufficiently similar in all material respects to the statute involved in the case sub judice to constitute precedent supporting the trial court’s judgment.
Appellant argues that the Railroad Federal Savings and Loan decision is distinguishable from the case sub judice in that the court’s decision there was based to a large extent upon a federal regulation which in plain and unequivocal terms specifically subjected the transaction in that case to payment of the tax levied by the statute. While it is true that the court in that case commented upon the federal regulation referred to by appellant, it nevertheless expressed the view that its decision could be supported without regard to the regulation. In the last analysis the regulation was nothing but an administrative interpretation intended to implement the statute, and could not in any manner broaden or change its purpose or intent. A similar conclusion was later reached by the United States Court of Claims in the case of Mutual Life Ins. Co. v. United States[6] construing the same federal documentary stamp tax statute on facts similar in all respects to those present in the Railroad Federal Savings and Loan Association case, supra, and in the case sub judice.
In closing, we note that an issue is raised by the pleadings as to whether a documentary stamp surtax on the conveyance received by appellant from its mortgagor is payable pursuant to the requirements of F.S. Section 201.021, F.S.A. This issue was not resolved by the trial court in the order appealed, nor has this issue been made the subject of a point on appeal by either of the parties. For the foregoing reasons our decision herein shall not be construed as considering or passing upon the question of whether a documentary stamp surtax is payable under the facts shown by this record.
For the foregoing reasons the judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. “Tax on promissory notes, written obligations to pay money, assignments of wages, etc.
“(1) On promissory notes, non-ncgo-tiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate.”

. F.S. § 201.02, F.S.A.

. State ex rel. Wedgworth Farms, Inc. v. Thompson (Fla.1958), 101 So.2d 381; De Vore v. Gay (Fla.1949), 39 So.2d 796.

.State ex rel. Rogers v. Sweat, 113 Fla. 797, 152 So. 432.

. Railroad Federal Savings and Loan Association v. United States (2d Cir. 1943), 135 F.2d 290.

. Mutual Life Ins. Co. of New York v. United States (1953), 110 F.Supp. 606, 124 Ct.CI. 626.