McCORD, Chief Judge.
The question presented on this appeal is whether the documentary stamp tax upon a deed given to a mortgagee in lieu of foreclosure should be based upon the amount of the indebtedness which is extinguished by the deed or upon the value of the property conveyed. The Department of Revenue, in its final order, ruled that the consideration was the amount of the debt which was extinguished rather than the value of the land and that the tax must be paid upon the amount of debt extinguished. Petitioner here seeks review of that order. Under the particular facts of this case as will be hereinafter related, we reverse.
Petitioner sold the property here involved to one Norris. To pay for the property, Norris gave petitioner a purchase money mortgage for $665,000 and obtained a $200,-000 loan from Barnett Bank for which he gave a mortgage in that amount and petitioner subordinated his mortgage to the mortgage with Barnett Bank. Subsequently, Norris was unable to make payments on either mortgage, and petitioner initiated foreclosure proceedings. Norris then gave petitioner a quit claim deed to the property which petitioner accepted in satisfaction of the debt, petitioner assuming the $200,000 mortgage to Barnett Bank on which only interest had been paid. Evidence was presented and respondent, in its final order, found that the actual market value of the property was only $450,000 at the time of the execution of the deed in lieu of foreclosure. Evidence that Norris was insolvent at the time of the transfer was presented, and there was no evidence to the contrary. The fact that petitioner extinguished a debt to him of $665,000 and assumed a $200,000 mortgage in consideration for property worth only $450,000 is further evidence that the debt was uncollectible. Documentary stamp tax and documentary surtax stamps were affixed to the quit claim deed based upon the consideration for the deed being the actual market value of the property— $450,000. The hearing officer of the Department of Administrative Hearings found that the consideration was the amount of the extinguished and assumed debt — $865,-000. Respondent likewise reached this result in its final order and directed payment of the tax on $865,000.-
In Indian River Orange Groves v. Dickinson, 238 So.2d 125 (Fla. 1 DCA 1970), this Court had before it an appeal of a somewhat similar case but one which did not contain all of the elements that are now contained in this case. There, when the mortgagor was unable to pay the amounts due, the mortgagee accepted from the mortgagor a warranty deed in lieu of foreclosure. The mortgagee treated the deed as having been executed for a nominal consideration and paid only the minimum amount of documentary stamp tax. The Comptroller of the State of Florida contended the tax should have been paid upon the unpaid balance of the mortgage debt, which was due at the time the conveyance was made. This Court agreed and, in agreeing, adopted and quoted with approval the construction placed upon the statute by the trial court as follows:
“Immediately before the execution of the deed the mortgagee owned a debt owing to it and secured by a purchase money mortgage on real estate. In the absence of allegation and proof to the contrary it must be assumed that the mortgaged property was of a value at least equal to the debt. This being the case, the debt *79 owing to the mortgagee had an actual value equal to its face value. * * * ” (Emphasis supplied.)
In the case sub judice, we have the added element not present in Indian River Orange Groves that the mortgaged property was not equal to the debt. Here the value of the mortgaged property at the time of the transfer is established to be $450,000. In accepting this quit claim deed of property worth $450,000 and assuming a $200,000 mortgage to the Barnett Bank and extinguishing a $665,000 debt to himself, petitioner obviously considered the debt to be uncollectible. Under these circumstances, shall we say that the consideration for the transaction was the $865,000 uncollectible debt or was it the value of the property— $450,000? Obviously, the consideration was the value of the property — $450,000. Reversed.
ERVIN and MELVIN, JJ., concur.